**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**SIX THOUSAND, TWO HUNDRED &
FIFTY DOLLARS, etc., IN UNITED
STATES CURRENCY, Defendant,**

**Gerald R. Smith, Claimant-Appellant.**

No. 81-5299.

United States Court of Appeals,
Eleventh Circuit.

June 10, 1983.

David W. Boone, Fort Lauderdale, Fla., for claimant-appellant.

Stanley Marcus, U.S. Atty., Maria Arista-Volsky, James G. McAdams, III, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and COLEMAN *, Senior Circuit Judge.

_____

* Honorable James P. Coleman, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

This is an appeal from the district court's judgment ordering the forfeiture of $6,250 to the United States pursuant to 31 U.S.C. §§ 1101(a) & 1102(a).[1] We affirm the judgment rendered below.

On February 22, 1980, at approximately 12:30 a.m., United States Customs Patrol officers ("CPO's") observed a vessel entering the inlet at Port Everglades, Florida. The vessel was proceeding without running lights and had no visible name or registration number. The CPO's hailed the vessel, and appellant, Gerald Smith, identified himself as the captain and informed the CPO's that the vessel was entering the United States from Nassau, Bahamas. The CPO's then directed Smith to dock the vessel at Pier 66 for the purpose of clearing Customs.

After Smith and his traveling companion docked the vessel, the CPO's informed Smith that he could use a nearby telephone to make the required Customs declarations. While Smith was making his phone call, CPO Theodore Hill inspected the vessel. No contraband was found.

Subsequently, after Smith returned from making his phone call and gave the CPO's his Customs clearance number, CPO Hill observed a small leather purse under Smith's arm. CPO Hill asked Smith what was in the purse. Smith did not respond to Hill's question, but simply took the purse from underneath his arm and clutched it in his hand. CPO Hill then informed Smith that if he was carrying more than $5,000 in currency or negotiable instruments into or

out of the United States, he had to report the monetary instruments to Customs. CPO Hill also briefly explained that it was not against the law to transport currency or negotiable instruments into or out of the United States, but that it was against the law not to report the monetary instruments to Customs. Smith did not respond to these statements; instead, he simply glared at CPO Hill. CPO Hill then repeated his statements regarding the reporting requirements and asked Smith if he could examine the purse that Smith was carrying. Smith responded by throwing the purse in the direction of CPO Hill and stating that if CPO Hill wanted to know how much was in the purse, he should count it himself.

CPO Hill opened the purse and immediately observed that it contained a sizable quantity of currency. CPO Hill then advised Smith again of the reporting requirements. Smith responded with a string of obscenities directed at CPO Hill.

The CPO's then counted the currency in Smith's purse and learned that it totaled $6,250. After a telephone conversation with their superiors, the CPO's seized the currency because Smith had failed to report it as required by 31 U.S.C. § 1101.

The government then instituted forfeiture proceedings pursuant to 31 U.S.C. § 1102. After a bench trial, the district court found that Smith had knowingly failed to file a Currency Reporting Form (Customs Form 4790) with the U.S. Customs Service as required by 31 U.S.C.

---

1. The relevant statutes, which have been revised and recodified at 31 U.S.C. §§ 5316(a) & 5317(a) since the district court proceedings, provide as follows:

(a) Except as provided in subsection (c) of this section, whoever, whether as principal, agent, or bailee, or by an agent or bailee, knowingly—

(1) transports or causes to be transported monetary instruments—

(A) from any place within the United States to or through any place outside the United States, or

(B) to any place within the United States from or through any place outside the United States, or

(2) receives monetary instruments at the termination of their transportation to the United States from or through any place outside the United States

in an amount exceeding $5,000 on any one occasion shall file a report or reports in accordance with subsection (b) of this section. 31 U.S.C. § 1101(a).

(a) Any monetary instruments which are in the process of any transportation with respect to which any report required to be filed under section 1101(a) of this title either has not been filed or contains material omissions or misstatements are subject to seizure and forfeiture to the United States. 31 U.S.C. § 1102(a).

§ 1101 and, therefore, ordered that the $6,250 be forfeited to the United States.

■ Smith's first contention on appeal is that the district court erred by failing to find that his "physical presentation of the currency" to CPO Hill constituted sufficient compliance with 31 U.S.C. § 1101 to avoid forfeiture of the currency. We disagree. The statute does not require a traveler to surrender currency or negotiable instruments to Customs officers, nor does it impose any penalties for transporting more than $5,000 in monetary instruments. Rather, the statute requires a traveler who is carrying more than $5,000 in monetary instruments to provide certain information[2] to the Treasury Department by filing a report with the Customs Service. Smith refused to file such a report even though CPO Hill explicitly advised him of the reporting requirements both before and after Smith "physically presented" the purse to the officers. Accordingly, we reject Smith's contention that the district court erred by failing to find that his "physical presentation of the currency" satisfied the reporting requirements of 31 U.S.C. § 1101.

■ In his other contention on appeal, Smith argues that the district court "left open for determination whether or not *negligent* failure to report" the transportation of monetary instruments across U.S. borders permits seizure and forfeiture of the instruments pursuant to 31 U.S.C. § 1102. Brief of Appellant at 13 (emphasis in original). We agree with Smith that the trial judge did not decide this question, but we fail to see how that fact benefits Smith. The trial judge expressly found that Smith *knowingly* failed to fulfill the reporting requirements, and our review of the record confirms that this finding was not clearly erroneous. Thus, we need not address the hypothetical arguments raised in Smith's brief regarding negligent failure to comply with the statute.

The judgment of the district court is

AFFIRMED.

---

2. 31 U.S.C. § 1101(b) describes the information which may be required in the reports:

(b) Reports required under this section shall be filed at such times and places, and may contain such of the following information and any additional information, in such form and in such detail, as the Secretary may require:

(1) The legal capacity in which the person filing the report is acting with respect to the monetary instruments transported.

(2) The origin, destination, and route of the transportation.

(3) Where the monetary instruments are not legally and beneficially owned by the person transporting the same, or are transported for any purpose other than the use in his own behalf of the person transporting the same, the identities of the person from whom the monetary instruments are received, or to whom they are to be delivered, or both.

(4) The amounts and types of monetary instruments transported.

Obviously, Smith's "physical presentation of the currency" by throwing the purse at CPO Hill did not provide any of the required information.

In his brief, Smith contends that the officers did not expressly inform him that a written report was required and, therefore, that he did not know that his "physical presentation" to the CPO's was insufficient to satisfy the reporting requirements. The record indicates, however, that CPO Hill informed Smith about the reporting requirements on at least one occasion *after* Smith had "physically presented" the currency. Thus, it was not clearly erroneous for the district court to hold that Smith knew that his "physical presentation" had not fulfilled the reporting requirements. Further, CPO Hill's statements to Smith clearly distinguish this case from cases like *United States v. Granda,* 565 F.2d 922 (5th Cir.1978), in which the government's failure to take affirmative steps to inform travelers of the requirements of the statute made it impossible for the government to demonstrate that the travelers had knowledge of their obligation to report the currency.